UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Wiley Y. Daniel**

Civil Action No. 07-cv-01048-WYD

CHARLENE E. POWERS GROOMER,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner of Social Security,

    Defendant.

_____

**ORDER**
_____

I.    <u>INTRODUCTION</u>

THIS MATTER is before the Court on review of the Commissioner's decision that denied Plaintiff's applications for Disability Insurance Benefits and Supplemental Security Income under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 401-433 and 381-1383c ["the Act"].  For the reasons stated below, the decision of the Commissioner is reversed and remanded for further factfinding.

Plaintiff was born in November 1961 and was 44 years old on the date of the ALJ's decision.  (Transcript ["Tr."] 47, 26.)  Plaintiff's applications filed in July 2002 claimed that she became disabled on February 25, 2002, due to mild traumatic brain injury, headaches, and pain in her back, neck and legs.  (Transcript ["Tr."] 65.)  On May 13, 2003, the Colorado Disability Determination Services ["DDS"] denied Plaintiff's claims at the initial determination stage.

Plaintiff then requested a hearing which was held on January 12, 2006. (Tr. 366-408.) In a decision dated April 14, 2006, the Administrative Law Judge ["ALJ"] concluded that Plaintiff was not disabled within the meaning of the Act. (*Id.* 13-26). This is discussed in more detail below. The Appeals Council denied Plaintiff's request for review, finding no reason to review the ALJ's decision. (*Id.* 6-8.) Thus, the ALJ's April 14, 2006 decision became the final decision for purposes of judicial review, and the case is properly before the Court.

II.     THE ALJ'S DECISION

At step one of the sequential evaluation the ALJ determined that Plaintiff had not engaged in any work activity since February 25, 2002, her alleged onset date. (Tr. 17.) Thus, he found that Plaintiff had not engaged in substantial gainful activity since that date, and that Plaintiff meets the insured status requirements of the Act at least through the date of the decision. (*Id.* at 17, 25.) At step two, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, headaches, myofascial pain, adjustment disorder with depressed mood, and cognitive disorder not otherwise specified ("NOS")." (Tr. 17, 25.)

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or equaled the criteria of any of the listed impairments. (*Id.*) The ALJ stated that he considered the requirements of Listings 1.04, 12.04, 12.02 and the sections dealing with neurological impairments." (*Id.* at 17.)

At step four, as to Plaintiff's residual functional capacity ["RFC"] the ALJ found that Plaintiff:

retains the residual functional capacity to perform work-related activities with the following restrictions: lift/carry 10 pounds occasionally; unlimited sitting; stand/walk for 30 minutes at a time and a total of four hours in an eight-hour workday; no climbing ladders, ropes or scaffolds; occasionally bend, stoop, squat, and kneel; infrequently reach overhead with no more than five pounds; no repetitive fine or gross manipulations; no use of vibrating tools; driving limited to short distances; has moderate limitations of her ability to understand, remember and carry out detailed instructions, to maintain attention and concentration for extended periods of time, and to complete a normal workday and workweek without interruptions; and limited to simple work.

(Tr. 23.) The ALJ did not find any limitation on Plaintiff's sitting, contrary to the restrictions assessed by Dr. Koons, Plaintiff's treating neurosurgeon. (*Id.* 264, 149).

In assessing RFC, the ALJ stated that he found "the alleged severity of the claimant's pain and limitations unpersuasive." (Tr. 23.) He further found, among other things, that the "objective medical signs and findings do not support the alleged severity of her physical and mental symptoms and limitations." (*Id.*) He also stated that "in contrast to her allegations, her performance during extensive neuropsychological testing led to the opinion that she copes 'very well' with her pain." (*Id.*)

The ALJ then considered whether Plaintiff was able to perform her past relevant work. He found, based on Plaintiff's RFC and "the credible testimony of the vocational expert", that Plaintiff cannot perform her past relevant work." (Tr. 24, 25.) The ALJ then proceeded to step five of the sequential evaluation where "the burden of proof shifts to the Social Security Administration to show that there are other jobs existing in significant numbers in the national economy to which the claimant is able to make a successful adjustment considering her age, education, work experience and residual functional capacity." (*Id.* 24.)

At step five, the ALJ found that Plaintiff is not able to perform a full range of sedentary work due to her nonexertional limitations. (Tr. 24.) Accordingly, a vocational expert ["VE"] was retained to help determine whether a significant number of jobs exist in the national economy that Plaintiff can perform. (*Id.*) The VE testified that a hypothetical person with Plaintiff's age, work history and RFC could perform unskilled, sedentary occupations, including work as a telephone quotation clerk, general officer clerk and surveillance system monitor. (*Id.*) The VE further testified that these jobs exist in significant numbers in the national and regional economy. (*Id.*) The ALJ accepted this testimony and found that Plaintiff "is capable of making a successful adjustment to work that exists in significant numbers in the national and regional economies." (*Id.*) Accordingly, the ALJ found that Plaintiff is not disabled. (*Id.* 24-26.)

III.  ANALYSIS

   A.  Standard of Review

A Court's review of the determination that a claimant is not disabled is limited to determining whether the Commissioner applied the correct legal standard and whether the decision is supported by substantial evidence. *Hamilton v. Sec. of Health and Human Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

Further, the ALJ's failure to apply correct legal standards, or show that it has done so, is grounds for reversal. *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir.

1993). Although the court should carefully examine the record, it may not weigh the evidence or substitute its discretion for that of the Commissioner. *Id.*

B. <u>Whether the ALJ's Decision is Supported by Substantial Evidence</u>

Plaintiff argues that the ALJ erred by not giving appropriate weight to her treating physician Dr. Koons and that he improperly omitted in the RFC the sitting limitations imposed by Dr. Koons. The ALJ recognized that "[i]n November 2004, [Dr. Koons] opined that the claimant can lift and carry 10 pounds occasionally and less than 10 pounds frequently, can stand/walk for less than two hours in an eight hour workday, can sit for less than six hours in an eight hour workday, cannot perform any postural activities, has no limitations on manipulative activities, and has limited tolerance for exposure to temperature extremes, vibration, humidity/ wetness, hazards and pulmonary irritants." (Tr. 20-21) (citing Ex. 15F at 2-5, Tr. 260-64.) The ALJ essentially rejected this report, stating:

> The undersigned has considered this opinion, but finds it unpersuasive and accords it little weight because the only explanation provided in support of the limitations on lifting, carrying, sitting, standing, walking and postural activities is the lumbar spine MRI, which, as stated above, showed only mild to moderate abnormalities, which do not appear consistent with such extreme limitations. See Ex. 4F, 5F at 4, 15F at 15. In addition, the opinion is not consistent with or supported by the objective medical evidence and is inconsistent with the persuasive and well supported opinion of the examining physician in Exhibit 14F.

(Tr. 20-21.)

In rejecting Dr. Koons' opinion, the ALJ relied on the opinion of examining physician Dr. Velma Campbell. Dr. Campbell "opined that physically, the claimant can lift and carry 10 pounds occasionally; can infrequently bend, stoop, squat, and kneel; walk and stand for 30 minutes at a time and a total of our hours a day; can infrequently

-5-

reach and work above shoulder height with no more than five pounds; and can perform brief, repetitive use of the shoulders, arms, wrists and hands." (*Id.*) (citing Ex. 14F at 4.)[1] The ALJ found this opinion to be persuasive and accorded it controlling weight:

> because it is supported by the exam findings and the other objective medical evidence of record, which do not support the severity of limitations alleged by the claimant. Although the limitations on using the shoulders, arms, wrists and hands appear to be based on the claimant's subjective complaints, the undersigned nevertheless accords this portion of the opinion deference because it is supported by the results of a subsequent neuropsychological evaluation and a subsequent functional capacity evaluation discussed below. The undersigned notes that the opinion, in contrast to the claimant's allegations, suggests that the claimant retains significant capacity to perform sitting, standing and walking.

(*Id.* 20.)

Turning to my analysis, the ALJ must give controlling weight to the opinion of a treating physician if the opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). "When an ALJ rejects a treating physician's opinion, he must articulate 'specific, legitimate reasons for his decision.'" *Id.* (quoting *Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001)). In other words, "'an ALJ must give good reasons. . . for the weight assigned to a treating physician's opinion,' that are 'sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical

---

[1] The ALJ also noted that Dr. Campbell's "[p]hysical exam showed a stiff-legged gait on the right, intact cranial nerves, full but painful cervical range of motion, full range of motion in the shoulders, elbows and wrists, increased reflexes throughout, intact sensation throughout, negative Tinel's and Phalen's signs, no joint deformity or swelling, no spasm in the lumbar paravertebral muscles, tenderness to palpation of the paravertebral muscles parallel to L3-5, limited lumbar range of motion, negative straight leg raising, and full range of motion in the hips, knees and ankles." (Tr. 20) (citing Ex. 14F at 3-4.) He further noted that Dr. Campbell's "findings indicated myofascial pain aggravated by psychological factors". (*Id.*)

opinion and the reasons for the weight.'" *Robinson v. Barnhart*, 366 F.3d 1078, 1082 (10th Cir. 2004) (quotation omitted).

"The opinion of an examining physician .. . is generally entitled to less weight than that of a treating physician. . . ." *Id.* "When a treating [source's] opinion is inconsistent with other medical evidence, the ALJ's task is to examine the other [sources'] reports to see if they outweigh the treating [source's] report, not the other way around." *Goatcher v. U.S. Dept. of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995).

I agree with Plaintiff that it was error for the ALJ to assess the effects of the mild to moderate MRI findings and conclude that these findings did not support the impairments found by Dr. Koons. To do so improperly substitutes the ALJ's lay opinion for a medical opinion. *See Langley v. Barnhart*, 373 F.3d 1116, 1121 (10th Cir. 2004) ("'In choosing to reject the treating physician's assessment, an ALJ may not make speculative inferences from medical reports and may reject a treating physician's opinion outright only on the basis of contradictory medical evidence and *not due to his or her credibility judgments, speculation or lay opinion*'") (quoting *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002) (emphasis in original); *see also Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir. 1987) (an ALJ "can not interpose his own 'medical expertise' over that of a physician, especially when the physician is the regular treating doctor for the disability applicant").

Further, while the ALJ stated that the opinion of Dr. Koons was inconsistent with the objective medical evidence, this clearly is not true given the MRI as well as the notes of the multiple office visits, physical exams, x-rays, facet block and rhizotomy

procedures which the ALJ ignored.  The MRI findings and treatment records constitute objective medical evidence to support Plaintiff's complaints of pain.  Further, Dr. Koons, as Plaintiff's treating neurosurgeon, was obviously in the best position to determine the extent to which Plaintiff's pain limited her abilities such as sitting and standing.  Accordingly, the ALJ was not entitled to summarily reject Dr. Koons' assessment on the basis that he did.  *See Romero v. Astrue*, 242 Fed. Appx. 536 (10th Cir. 2007) ("Dr. Haddock's conclusions concerning Ms. Romero's pain and limitation. . . find support in the treatment records and therefore could not be cursorily dismissed for the reason the ALJ gave: lack of medical evidence. The record is replete with evidence that Ms. Romero experiences difficulties with both standing and walking. . . .").[2]

Further, there was other objective evidence in the record which the ALJ ignored, including Dr. Watson's finding that sitting for long periods makes Plaintiff's back pain worse (Tr. 149) and the functional capacity evaluation which found that sitting was tolerated for a maximum time period of 60 minutes, but at times sitting was only tolerated for 10 minutes".  (Tr. 293-311, at 297.)  The ALJ may not "cherry pick" the record in this manner.  *See Hamlin*, 365 F.3d at 1219 ("The ALJ may not simply pick out portions of a medical report that favor denial of benefits, while ignoring those favorable to disability"); *Arrington v. Apfel*, No. 98-7099, 1999 WL 446013, at *8-9 (10th Cir. 1999) ("an ALJ may not engage in a selective evidentiary review").  It further appears from the

---

[2]  Citation to this and other unpublished opinions in this Order are made because I find that they have persuasive value with respect to a material issue that has not been addressed in a published opinion and/or would assist the court in its disposition.  10th Cir. R. 36.3(B).

foregoing that the ALJ was improperly examining Dr. Koons' opinion to determine if it was inconsistent with the other evidence, not the other way around as required.

I also find error with the ALJ's statement that he gave Dr. Koons' opinion as to Plaintiff's impairments "little weight".  The record would seem to suggest that the ALJ actually did not give Dr. Koons' opinion any weight, but this is unclear from the record.  If the ALJ accepted certain the findings of Dr. Koons, but not others, this is unclear from the record.  I find that this is also legal error.  *Robinson*, 366 F.3d at 1082.  Further, the ALJ did not state what weight he gave to the other records of Dr. Koons, many of which contained specific medical findings that needed to be addressed.

Finally as to Dr. Koons, even when an ALJ decides that a treating physician's opinions are not entitled to controlling weight, that does not allow him to reject their opinions outright.  *Langley*, 373 F.3d at 1120.  Instead, the doctor's opinions are "'still entitled to deference and [should be] weighed using all of the [relevant] factors.'"  *Id.* (quotation omitted).  In this case, Dr. Koons, a specialist in neurosurgery, had a long standing treatment relationship with Plaintiff that the ALJ completely disregarded.  The ALJ's decision does not reflect that he gave deference to Dr. Koons' findings as the treating neurosurgeon and weighed them, or that he gave "any consideration of what lesser weight the opinion should be given or discuss[ed] the relevant factors set out in [42 U.S.C.] § 404.1527."  *Id.*  This was also error that requires a remand of the case.

The Commissioner argues, however, that the ALJ is charged with determining the RFC from the record, and that the ALJ thus did not err in failing to include the sitting restriction assessed by Dr. Koons.  It is certainly true that the ALJ is ultimately charged with the responsibility of determining a claimant's RFC.  *See Howard v. Barnhart*, 379

F.3d 945, 949 (10th Cir. 2004). However, that does not allow the ALJ to disregard restrictions imposed by the treating physician. Instead, where a treating physician gives such restrictions, that opinion is a treating physician opinion which is entitled to controlling weight. *See Cagle v. Astrue*, 266 Fed. Appx. 788, 793-94 (10th Cir. 2008).

The impact of the treating physician rule on the ALJ's RFC assessment was recently clarified by the Seventh Circuit in *Oakes v. Astrue*, 258 Fed. Appx. 38 (7th Cir. 2007). There, while the ALJ correctly articulated the treating physician rule in his decision, he went on to find that the issue of RFC is reserved to the Commissioner and that even treating source opinions as to RFC are given no special weight. *Id.* at 44 (citing Social Security Ruling 96-5p). The Seventh Circuit found that "[t]he ALJ's decision reveals a misunderstanding of this rule." *Id.* It stated:

> The Social Security Ruling cited by the ALJ simply recognizes that the Commissioner makes the final determination about an applicant's residual functional capacity and that this determination must be "based upon consideration of all relevant evidence in the case record." Social Security Ruling 96-5p. The treating-physician rule determines how the ALJ must weigh the opinion of the treating source. If the opinion of the treating physician is supported by acceptable medical evidence and is not inconsistent with other substantial evidence in the record, it must be given controlling weight. 20 C.F.R. § 404.1527(d)(2); <u>Schmidt v. Astrue</u>, 496 F.3d 833, 842 (7th Cir.2007). But here the ALJ asserted that the opinion of the treating physician-Dr. Chambers-was to be given "no special weight" because it concerned Oakes's residual functional capacity. This understanding of the governing legal standard is wrong. . . . And the mistake is, in and of itself, a reason to remand.

*Id.* (internal quotations omitted).

As to the other medical evidence, I find that the ALJ's reasons for rejecting the functional capacity evaluation discussed above are not supported by substantial evidence. First, the ALJ stated that he gave no weight to the evaluation because it is

-10-

not signed by an acceptable medical source. (Tr. 22.) However, this was not a basis to reject the findings in the evaluation. Instead, the ALJ is required to consider findings from such sources and to evaluate several specific factors in deciding how to weigh them. *Doyal v. Barnhart*, 331 F.3d 758, 764 (10th Cir. 2003) ("Regardless of its source, we will evaluate every medical opinion we receive"); SSR 96-5P, 1996 WL 374183, at *1 ("[O]pinions from any medical source about issues reserved to the Commissioner must never be ignored."); *see also* SSR 06-03p, 2006 WL 2329939, at *2-4 (2006).

The ALJ also rejected the functional capacity evaluation on the basis it was not supported by the objective medical evidence in the record. However, as discussed above, there is substantial objective medical evidence that supports the evaluation, including the findings of Dr. Koons. Finally, the ALJ rejected many of the impairments in the evaluation because the ALJ believed they were based largely on Plaintiff's subjective complaints. This also was improper. *Langley*, 373 F.3d at 1121 (the ALJ may not reject the opinions of a medical provider based on his own speculative conclusion that the report was based only on claimant's subjective complaints; instead, the ALJ must have a legal or evidentiary basis for such a finding); *see also Garcia v. Barnhart*, 188 Fed. Appx. 760, 764 (10th Cir. 2006) ("This court has made it clear that when an ALJ rejects a medical opinion . . . based on his speculation that the doctor was unduly swayed by a patient's subjective complaints, the ALJ deviates from correct legal standards and his decision is not supported by substantial evidence").

I also note that the ALJ rejected other medical findings because the medical providers "did not state set forth specific limitations of functioning." (Tr. 19.) However, those findings constitute specific medical findings that cannot be ignored or rejected

simply because no specific limitations were assessed.  *See Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994) (doctors's statements about Plaintiff's condition or impairments "are specific medical findings" which the ALJ errs in rejecting in the absence of conflicting evidence).  Further, there is no indication that those providers were ever asked to make a recommendation on the limitations in Plaintiff's abilities to work.  Accordingly, this is not a proper basis for rejecting those findings.  *See Utley v. Sullivan*, 943 F.2d 19, 21 (8th Cir. 1991) (ALJ placed great weight on the fact that a doctor "'placed no specific limitations on the claimant's activities'"; the court found this finding was  misleading "for there is no indication in the record that Dr. DaCosta made any recommendation at all regarding Utley's activities. . . . Dr. DaCosta did not express an opinion as to whether Utley was disabled").

IV.     CONCLUSION

Based upon the errors described above, I find that this case must be reversed and remanded for further factfinding.  Specifically, the ALJ is required on remand to properly reweigh the medical evidence and reassess Plaintiff's RFC.

Accordingly, it is

ORDERED that this case is **REVERSED AND REMANDED** to the Commissioner for further factfinding pursuant to 42 U.S.C. § 405(g).

Dated September 19, 2008

BY THE COURT:

s/ Wiley Y. Daniel  
Wiley Y. Daniel  
U. S. District Judge